■ In the Matter of the INCORPORATED VILLAGE OF LYNBROOK, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and LYNBROOK POLICE BENEVOLENT ASSOCIATION, Intervenor-Respondent. (Index No. 13986/77 [Case No. U-2317].) In the Matter of INCORPORATED VILLAGE OF LYNBROOK, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and LYNBROOK POLICE BENEVOLENT ASSOCIATION, Intervenor-Respondent. (Index No. 13987/77 [Case No. U-2635].)—Consolidated proceedings pursuant to CPLR article 78 (1) the first proceeding (Index No. 13986/77 [Case No. U-2317]), to review a determination of the respondent New York State Public Employment Relations Board (PERB), dated August 10, 1977, which found petitioner guilty of violating subdivision 1 of section 209-a of the Civil Service Law for unilaterally discontinuing, in part, payment and accumulation of "termination pay" provided for in an expired collective bargaining agreement, in which proceeding PERB has counterclaimed for enforcement of its order, and (2) the second proceeding (Index No. 13987/77 [Case No. U-2635]), to review so much of a further determination of PERB, also dated August 10, 1977, as determined that "payment of termination pay for retirees, hospitalization insurance for retired employees' families and a continuation of benefits clause" are mandatory subjects of bargaining. Determination under Index No. 13986/77 (Case No. U-2317) confirmed, proceeding dismissed on the merits and application for enforcement granted, without costs or disbursements. Determination under Index No. 13987/77 (Case No. U-2635), modified, on the law, and petition granted only to the extent of deleting so much thereof as declares hospitalization benefits to be received by beneficiaries of current police officers who die after they retire to be a mandatory subject of negotiation. As so modified, determination confirmed insofar as reviewed and proceeding otherwise dismissed on the merits, without costs or disbursements. Succinctly stated, the sole issue is whether the demands of the Lynbrook Police Benevolent Association (PBA) for termination pay, hospitalization insurance for families of police officers who die after retirement and a continuation of benefits clause are illegal subjects of negotiation. The continuation of benefits clause, as proposed by the PBA, would have the parties' new collective bargaining agreement continue in effect until a successor contract is signed. Such a provision is not, in and of itself, violative of public policy and we cannot now presume that it will become so in actual practice (see *Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68). The termination pay and hospitalization insurance demands are challenged by the Village of Lynbrook on the ground that they constitute "retirement benefits" within the meaning of subdivision 4 of section 201 of the Civil Service Law (the Taylor Law), which prohibits negotiation of such benefits and voids those that are negotiated on or after June 1, 1973. In our view, PERB correctly held that termination pay is not a retirement benefit within the meaning of subdivision 4 of section 201 of the Civil Service Law. It would appear that the Legislature, having already tackled one aspect of the problem of spiraling pension costs in 1971 by limiting the components of the salary base upon which retirement benefits are computed (see Retirement and Social Security Law, § 431 [L 1971, ch 503, § 19]), set about in 1973 to tackle a different aspect of the problem, namely, the rising payments or benefits to be paid employees after retirement. Although termination pay is, like a pension, additional compensation earned with each year of service, but

deferred until retirement (payment therefor is also available upon separation from service for any reason but cause after 20 years and death and, in such cases, could not, concededly, be deemed a retirement benefit), it is conditioned upon the completion of the required services and, like lump-sum payments for accumulated vacation and sick leave, affects retirement benefits only by virtue of its now limited effect upon the final average salary base (see *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122; *Matter of Weber v Levitt,* 41 AD2d 452, affd 34 NY2d 797). In short, it is an earned lump-sum addition to current salary, not a retirement benefit. Therefore, PERB correctly held that termination pay is a mandatory subject of negotiation and that the village was guilty of an improper practice in unilaterally discontinuing payment and accumulation of termination pay, as provided for in the parties' expired contract, for service after June 1, 1973 (the village grounded its defense solely upon the alleged illegality of the provision). However, we disagree with PERB's finding that the PBA's demand for hospitalization insurance for families of current police officers who die after retirement is similarly not a retirement benefit within the meaning of subdivision 4 of section 201 of the Civil Service Law. This appears to be exactly the type of supplementary payment to retirees and their beneficiaries which the Legislature sought to prohibit by enacting subdivision 4 of section 201. It may be earned, in a loose sense, by current service, but providing the families of future retirees with hospitalization insurance upon the death of such retirees is clearly a supplementary retirement benefit. Hence, negotiations therefor are prohibited. We would add that the PBA's demand does not contemplate that such insurance shall be purchased with money otherwise paid as a lump sum for accumulated sick leave, which is the practice of New York State with respect to some of its employee units. Titone, J. P., Shapiro and Cohalan, JJ., concur; Suozzi, J., concurs in part and dissents in part, with the following memorandum: I concur insofar as the majority has granted the petition under Index No. 13987/77 to the extent of deleting from PERB's determination in Case No. U-2635 so much thereof as declares hospitalization benefits to be received by beneficiaries of current police officers who die after they retire to be a mandatory subject of negotiation. Otherwise, I dissent and would (1) further grant the petition with respect to said determination by deleting therefrom the provisions declaring that termination pay is a mandatory subject of negotiation and (2) grant the petition under Index No. 13986/77 by annulling the determination under Case No. U-2317 which found petitioner guilty of violating section 209-a (subd 1, par [d]) of the Civil Service Law for unilaterally discontinuing, in part, payment and accumulation of termination pay provided for in an expired collective bargaining agreement. In my view, the termination pay provided for in the collective bargaining agreement between petitioner, the Village of Lynbrook, and the intervenor-respondent, the Lynbrook Police Benevolent Association, is a retirement benefit, the negotiation of which is prohibited under subdivision 4 of section 201 of the Civil Service Law, which provides: "The term 'terms and conditions of employment' means salaries, wages, hours, agency shop fee deduction and other terms and conditions of employment provided, however, that such term shall not include * * * any benefits provided by or to be provided by a public retirement system, or payments to a fund or insurer to provide an income for retirees, or payment to retirees or their beneficiaries. No such retirement benefits shall be negotiated pursuant to this article, and any benefits so negotiated shall be void." The agreement between the village and the Lynbrook PBA, insofar as is relevant, provides: "Upon separation from

service, after twenty (20) years, for any reason, other than cause, or upon the death in service of any employee or upon retirement qualifying for either ordinary or accidental disability under the Retirement and Social Security Law of New York State, such employee or his legal representative, shall be entitled to cash payment for accumulated terminal leave computed on an entitlement basis of four (4) days for each year of completed service. A member's entitlement to termination pay shall be pro-rated for a portion of a completed year worked. Year of completed service shall only include time served as a member of the Police Force of the Village on a full pay status, while on a Military leave of absence pursuant to Section 243 of the Military Law of New York State and time actually credited toward retirement benefits for service during World War II." Although this agreement provides for termination pay after 20 years for any reason, it is clear, in view of the fact that the village has a 20-year retirement system, that the agreement is designed for the most part to provide termination pay for those policemen who retire after 20 years of service. In determining that termination pay was not a retirement benefit, PERB distinguished between "retirement allowances, pensions, annuities, disability allowances and other continuing payments after retirement which supplement pension payments" on the one hand, and termination pay, which it held to be "no different from lump-sum cash payments of accumulated vacation leave or accumulated sick leave." I disagree. Lump-sum payments for accumulated vacation and sick leave are payments for earned, but unused, vacation and sick days (see *Matter of Teachers Assn., Cent. High School Dist. No. 3 [Board of Educ]*, 34 AD2d 351). Termination pay, on the other hand, is no different than a pension in that it represents additional compensation earned with each year of service which is deferred until retirement. This distinction is supported by the language of subdivision 4 of section 201 of the Civil Service Law. That section defines "terms and conditions of employment" as "salaries, wages, hours [and] agency shop fee deduction". The section goes on to state that "terms and conditions of employment" specifically excludes three categories of "retirement benefits": (1) "benefits provided by or to be provided by a public retirement system"; (2) "payments to a fund or insurer to provide an income for retirees"; and (3) "payment to retirees or their beneficiaries". Termination pay clearly satisfies the term of "payment to retirees" and, therefore, ought to be treated as a "retirement benefit" under subdivision 4 of section 201 of the Civil Service Law. As the court in *Lecci v Nickerson* (63 Misc 2d 756, 758-759) stated: "Whether one refers to 'termination pay' as a retirement award, a retirement allowance, a retirement pension or retirement pay, it is earned compensation * * * deferred until retirement." The resolution of this issue must, of course, come ultimately from the Court of Appeals, which has not yet ruled on the precise point (cf. *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122).